FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>BRUCE W. BARRETT,<br><br>          Defendant. | No. 4:18-CR-06050-SMJ-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE<br><br>**ECF No. 23** |

On Tuesday, November 20, 2018, the Court conducted a hearing in accordance with 18 U.S.C. 3142(f) on Defendant's Motion to Modify Conditions of Release (ECF No. 23). Defendant appeared with Assistant Federal Defender Paul Shelton. Assistant United States Attorney Alison Gregoire represented the United States.

Defendant's motion requests a modification to the previously imposed Special Condition of Release No. 9, which prohibits Defendant from being present with any minor-aged children and creates an exception for Defendant to have supervised visitation with his own child so long as the visitation is in the

ORDER - 1

presence of an adult who is aware of the charges against Defendant and has been approved by the United States Probation Office. Defendant proposes removal of the restriction on unsupervised contact with his child so that Defendant's wife and nine-month old child may move into his residence. To decide whether this condition of release remains appropriate, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;

2. The weight of the evidence against Defendant;

3. The history and characteristics of Defendant; and

4. The nature and seriousness of the danger Defendant would present to the community if released.

This order incorporates the findings made on the record at the November 20, 2018 hearing.

Defendant has a fundamental liberty interest in familial association with his child. *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1079 (9th Cir. 2011); *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054 (2000) (plurality). However, this interest is "not absolute" and "must be balanced against the interests of the state, and when conflicting, against the interests of the children." *United States v. Wolf Child*, 699 F.3d 1082, 1092 (9th Cir. 2012) (citing *Kruse v. Hawai'i*, 68 F.3d 331, 336 (9th Cir. 1995)). In order for the Court to impose

limitations on this right, the Court's conditions must be substantively reasonable and must make an individualized examination of the defendant's situation. *Id.* at 1087-88. Here, when balancing this interest against the interests of the government and those of the child, the Court finds sufficient cause to curtail this interest because of the specific potential risk of harm posed to Defendant's child.

The Court's condition of release is substantively reasonable because it is not a complete ban on Defendant's ability to associate with his child. This Court's condition allows Defendant to be present with his child, so long as he is supervised by an individual who is aware of the charges against Defendant and is approved by the U.S. Probation Office. Under this condition, U.S. Probation only has to approve the supervising individual (to ensure they are aware of the nature of the charges), rather than each instance of contact between Defendant and his child. Furthermore, unlike the substantial terms of supervised release at issue in the cases cited by Defendant, this condition is imposed only on a short-term, pretrial basis. *See United States v. Hobbs*, 710 F.3d 850, 851 (8th Cir. 2013); *Wolf Child*, 699 F.3d at 1088. The Court finds that this condition is sufficiently tailored to preserve Defendant's fundamental liberty interest while sufficiently addressing the risk of danger posed to Defendant's child.

Turning to the specific risks of harm posed to Defendant's child, the Court finds several facts justify maintaining the challenged condition of release. As an

initial matter, Defendant's proposed modification to his release conditions would essentially allow Defendant to have unsupervised access to his child. Defendant suggests that Defendant's access to his child could be constantly supervised by the other adults present in the home, but the Court finds this would be a practical impossibility. Even though other adults are present in the home, they still need to sleep, shower, manage tasks in various parts of the home, and attend to business outside of the home. There is no way to effectuate truly constant supervision of Defendant's access to his child in his own home. Moreover, the age of this child is particularly relevant to the risk of harm posed in this case. A nine-month old baby has no ability to defend itself or communicate, so the heightened vulnerability of this child makes this case distinguishable from others.

Significantly, the Court finds Defendant poses a specific risk of harm due to the nature of the child pornography content allegedly recovered from Defendant's digital devices. The United States alleges that Defendant maintained files that were labeled with names indicative of sex acts against babies (aged 0 to one year old)[1] and which contained content depicting sex acts

---

[1] For example, the United States proffered that the forensic examination revealed folders labeled "cum babies", Toddlers, babies, little girl pthc picks", PTHC

against babies. The United States further proffered that Defendant affirmatively downloaded BitTorrent content specific to babies, not just to minors generally. Even if Defendant has no history of hands-on contact with minors, the Court finds the nature of the content at issue in this case and the fact that the children depicted are of the same age as Defendant's own child indicates that Defendant's unsupervised access to his child poses a significant risk of danger to the child.

Finally, the Court has concerns about the child's safety in light of the restrictions on and monitoring of Defendant's access to electronic devices while on pretrial release. Defendant is charged with receiving, possessing, and distributing pornographic images of children for a time period spanning seven years. ECF No. 1. As a condition of release, Defendant's access to electronic devices is strictly prohibited without the prior approval of the U.S. Probation Office. Defendant is entitled to the presumption of innocence, but according to the Bail Reform Act, the Court is required to consider the nature and circumstances of the offense. The Court finds it to be an untenable position to remove and restrict one's access to electronic devices to prevent access to child pornography but then permit the individual to have unfettered and unsupervised

---

extremely 0-10yo 2008", and files labeled "!!! NEW 616 babypics" and "Baby-Rape-1.jpeg." ECF No. 27 at 3.

ORDER - 5

access to a child that is the same age as depicted in the child pornography allegedly possessed, received, and distributed.

The Court appreciates the fundamental liberty interest present in the parent-child relationship. The Court also appreciates that the present special condition imposes a financial hardship on Defendant's family. However, for the reasons discussed *supra* in addition to the Court's oral findings, the Court finds that Special Condition of Release No. 9 remains appropriate.

IT IS HEREBY ORDERED:

1. The Motion to Modify Conditions of Release (ECF No. 23) is DENIED.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

DATED November 21, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7